E-FILED
Monday, 16 September, 2019  02:23:54 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| CHERYL SAVAGE and JOHN RUTHERFORD, | ) |
| Plaintiff, | ) |
| v. | ) No. 19-CV-3201 |
| PREMIER BANK OF JACKSONVILLE, TOWN AND COUNTY BANK OF JACKSONVILLE, PAUL WHITE, and EDDIE CARPENTER, | ) |
| Defendants. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2). This is one of four cases Plaintiff Cheryl Savage has filed in this Court during the month of August 2019.[1]  Also listed as a Plaintiff is John Rutherford, but he did not sign the Complaint.  Plaintiffs have not paid the filing fee.  Ms. Savage has filed an affidavit

---

[1] Cheryl Savage, John Rutherford, and Patricia Rutherford previously filed a complaint against Premier Bank of Jacksonville, Paul White, and Eddie Carpenter in Central District of Illinois Case No. 16-3032. Plaintiffs voluntarily dismissed the case in June 2016.

demonstrating she is unable to prepay fees or costs associated with filing this action. She indicates therein that John Rutherford is her 93-year-old father and that she lives with him. Because Mr. Rutherford has not signed the Complaint and has not filed an application to proceed without prepaying fees or costs, Mr. Rutherford is dismissed from this action. Ms. Savage is granted leave to proceed in forma pauperis.

This Court must dismiss any case brought in forma pauperis if the case fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Because Ms. Savage lacks standing to bring this claim, the Complaint fails to state a federal claim, and the Court lacks jurisdiction, the Complaint is dismissed without prejudice.

## I. FACTUAL ALLEGATIONS

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its

face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted). The following facts come from the Complaint.

Ms. Savage names as Defendants in the caption of her lawsuit Premier Bank of Jacksonville (Premier Bank); Town and Country Bank of Jacksonville (Town and Country); Paul White, former CEO of Premier Bank and president of Town and County; and Eddie Carpenter. She alleges that Defendants fraudulently fabricated loan documents and forged signatures so that they could place liens and take property/land that they have no right to take.

Specifically, Ms. Savage alleges that, in November 2006, Premier Bank, through Paul White, forged John Rutherford's name on loan documents for a loan in the amount of $23,000. White added Mr. Rutherford's personal farm and home as collateral. The loan was taken out by and received by Ms. Savage and, according to Ms. Savage, Mr. Rutherford was not present and did not sign the loan documents. In 2011, Ms. Savage saw in a complaint filed in the courthouse that Mr. Rutherford's name added to some of Ms. Savage's extensions of loans and showed his personal guarantee given on November 8, 2006. As a result, John Rutherford's land was foreclosed on, causing him a bleeding ulcer, heart attacks, and

other medical conditions due to the stress and fear of the loss of his property.

Ms. Savage seeks $2 million in compensatory damages and punitive damages. The Civil Cover Sheet identifies the causes of action as "1542c & 1601 Truth Lending, etc." and "Abusive Mortgage Violations of TILA, OCC, CFPB etc." The Complaint form itself invokes jurisdiction under 28 U.S.C. §1331, 28 U.S.C. § 1343(a)(3), and/or 42 U.S.C. § 1983.

## II. ANALYSIS

Ms. Savage does not have standing to bring this claim. A federal court's jurisdiction is limited to "Cases" and "Controversies," and no case or controversy exists if the plaintiff lacks standing. U.S. Const. art. III, § 2; Johnson v. U.S. Office of Pers. Mgmt., 783 F.3d 655, 660 (7th Cir. 2015). A plaintiff establishes standing by showing (1) that she suffered an injury that is (a) concrete and particularized and (b) actual or imminent; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely that a favorable decision will redress the injury. Berger v. Nat'l Collegiate Athletic Ass'n, 843 F.3d 285, 289 (7th Cir. 2016). A plaintiff generally must assert her own legal rights and interests

and cannot rest her claim to relief on the legal rights or interests of third parties. Swanson v. City of Chetek, 719 F.3d 780, 783 (7th Cir. 2013).

Here, Ms. Savage alleges that Mr. Rutherford was harmed but does not allege any injury to herself. Therefore, Ms. Savage lacks standing to bring her claims.

In addition, the Complaint fails to state a claim. The Complaint, which Ms. Savage completed on a preprinted form, invokes jurisdiction under 28 U.S.C. §1331, 28 U.S.C. § 1343(a)(3), and/or 42 U.S.C. § 1983.

Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To invoke jurisdiction under § 1331, Ms. Savage must bring a claim arising under federal law. Section 1343(a)(3) "covers only civil rights claims against state actors and has had no legal effect since 1976, when Congress amended § 1331 to eliminate any amount-in-controversy requirement" Myles v. United States, 416 F.3d 551, 554 (7th Cir. 2005). Finally, to bring a claim under § 1983, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or

laws of the United States and (2) the alleged deprivation was committed by a person acting under color of law. Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009). Ms. Savage has not plausibly alleged a § 1983 claim here.

Ms. Savage's Civil Cover Sheet identifies "1542c & 1601 Truth in Lending etc." and "abusive mortgage violations of TILA, OCC, CFPB, etc." Her references to OCC and CFPB are not clear. She may be referring to the Office of the Comptroller of the Currency and the Consumer Financial Protection Bureau, but such a reference does not state a federal claim.

As for the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., Congress enacted the Act "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair billing and credit card practices." 15 U.S.C. § 1601(a). Ms. Savage does not allege facts suggesting how the TILA was violated here.

Ms. Savage's claims sound more like a state fraud or forgery claim. Without a federal claim, this Court will not exercise

supplemental jurisdiction over any state claims. For this Court to have independent jurisdiction over a state law claim, Ms. Savage must allege facts from which this Court can find that diversity jurisdiction exists. Diversity jurisdiction exists where there is complete diversity of citizenship—meaning that none of the plaintiffs may be a citizen of a state of which one of the defendants is a citizen—and the amount in controversy must exceed $75,000 exclusive of costs. 28 U.S.C. § 1332. It appears that all of the parties are citizens of Illinois, in which case this Court could not exercise diversity jurisdiction over a state law claim.

**IT IS THEREFORE ORDERED THAT:**

(1) John Rutherford is DISMISSED from this case.

(2) Cheryl Savage's Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2) is GRANTED.

(3) This case is DISMISSED without prejudice for lack of standing, failure to state a claim, and lack of jurisdiction. The Court will grant Ms. Savage leave to amend the Complaint on or before September 30, 2019. If Ms. Savage does not file an amended complaint, the Court will close the case. Ms. Savage is advised that "[a] nonlawyer can't handle a case on behalf of anyone except

himself." Georgakis v. Illinois State Univ., 722 F.3d 1075, 1077 (7th Cir. 2013). Moreover, a power of attorney does not allow a party to practice law. See Johnson v. Bank One N.A., 90 F. App'x 956 (7th Cir. 2004) (nonattorney son could not represent his mother in federal court even though he had been given power of attorney to act on his mother's behalf), citing Johns v. Cty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) (nonlawyer attorney-in-fact under general power of attorney could not assert due process claim on behalf of the principal).

**ENTERED: September 13, 2019**

**FOR THE COURT:**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**